959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James VASSELL, Defendant-Appellant.
 No. 91-5778.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1992
Decided: April 7, 1992
 
 ARGUED: George Patrick Stanton, Jr., STANTON & STANTON, Fairmont, West Virginia, for Appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 ON BRIEF: William A. Kolibash, United States Attorney, Wheeling, West Virginia, for Appellee.
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 James Vassell was convicted by a jury in the district court of one count of conspiracy to distribute cocaine and to possess cocaine with intent to distribute it, in violation of 21 U.S.C.s 846, and four counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). He appeals both his conviction and his sentence. Finding no error in the conduct of the trial or the imposition of sentence, we affirm the district court's judgment.
 
 
 2
 Vassell first assigns error to the trial court's denial of a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 on grounds of alleged improper governmental intrusion into his relationship with his attorney. Vassell retained counsel of his choice in July of 1989, after his indictment. However, shortly before the date scheduled for his trial, the government furnished Jencks Act material to Vassell. This material included testimony of witnesses before the grand jury that contained indirect allegations of sales of cocaine to Vassell's attorney. The attorney moved for a continuance because of the potential conflict of interest created by this testimony. The trial court granted the motion and, upon receipt of an affidavit of indigency, appointed new counsel for Vassell. New counsel was given two continuances totaling four months to prepare for trial; when the case was tried, counsel represented Vassell loyally and competently.
 
 
 3
 Vassell asserts he was denied his Sixth Amendment right to counsel, because he expended his funds to pay his original attorney and was then unable to hire another lawyer of his choice. However, the Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624 (1989). The government's failure to disclose the material creating the conflict sooner raises an inference of impropriety, but Vassell has not alleged any material prejudice to him arising from it. Such a showing is necessary in cases alleging government interference with the Sixth Amendment right to counsel. United States v. Morrison, 449 U.S. 361, 365 (1981). The district court's refusal to grant judgment of acquittal on these grounds was not error.
 
 
 4
 Vassell next argues that the evidence was insufficient to convict him of conspiracy and that the trial court erred in applying a fourlevel enhancement to his sentence for his role as an organizer or leader of criminal activity under U.S.S.G. § 3B1.1(a). However, there is evidence in the record to show that Vassell maintained a relationship with a network of street runners who made purchases of crack cocaine from him and then resold the crack to users. The runners received compensation either from their customers or from Vassell. This evidence supports the verdict, and the district court did not err in imposing the enhancement of sentence for Vassell's role as the conspiracy's hub.
 
 
 5
 We see no error in the method used by the district court to determine for sentencing purposes the quantity of drugs involved in the conspiracy. We find no abuse of discretion in the method of jury selection adopted by the district court. The method adopted was lawful, and Vassell has alleged no specific prejudice to him arising from it. Consequently, his trial attorney's alleged failure to ascertain in advance the method of placing the jury in the box does not meet the test for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 For the foregoing reasons, the judgment and sentence of the district court are affirmed.
 
 AFFIRMED